1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHIEF FEDERAL JUDGE STEPHEN          Case No.  2:24-cv-01843-DJC-JDP (PS)
     GUTTENBERG,
12                                        **ORDER**
                    Plaintiff,
13                                        GRANTING PLAINTIFF'S APPLICATION
          v.                              TO PROCEED IN FORMA PAUPERIS
14
     ALCALGA WOOD,                        ECF No. 2
15
                    Defendants.           **FINDINGS AND RECOMMENDATIONS**
16
                                          THAT PLAINTIFF'S COMPLAINT BE
17                                        DISMISSED AS FRIVOLOUS

18                                        ECF No. 1

19

20          Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*.  He

21   has submitted the affidavit required thereunder showing that he is unable either to prepay fees and

22   costs or to give security for them.  ECF No. 2.  I will therefore grant plaintiff's motion to proceed

23   *in forma pauperis*.  However, I find that plaintiff's complaint is frivolous and recommend that it

24   be dismissed without leave to amend.

25                        **Screening and Pleading Requirements**

26          A federal court must screen the complaint of any claimant seeking permission to proceed

27   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

28   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Additionally, a plaintiff's complaint must set forth the basis for federal court jurisdiction.  A federal court may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific

subject matter and confers federal jurisdiction.[1]  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.

### Analysis

The entirety of plaintiff's allegations reads, "I writing to let the federal courts know that I own the government military bank but I need the satellite surveillance computer camera to show us the government miliary phone number.  I work for NASA as the Supreme Court Treasury and I waiting to be paid by them.  City Attorney Aleaga Wood committed fraud and could stop herself."  ECF No. 1 at 5.

The complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8.  More fundamentally, the allegations that plaintiff owns a government military bank and is also the Supreme Court Treasury for NASA are not sufficiently grounded in reality.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").  Aside from plaintiff's failure to assert a specific claim against defendant Wood, his complaint is frivolous because it lacks even "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (holding that a complaint is frivolous if its "factual contentions are clearly baseless," "fantastic," or "delusional").

Further, defendant Wood is immune from this action.  A prosecutor is protected by absolute immunity from liability in a civil rights suit for damages "when performing the traditional functions of an advocate."  *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

---

[1] To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). According to the complaint, all parties reside in Sacramento County, California.  *See* ECF No. 1-1 at 1.  Plaintiff has not established diversity jurisdiction.

1    Consequently, the complaint should be dismissed without leave to amend.  *See Lopez v.*
2    *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are
3    only required to grant leave to amend if a complaint can possibly be saved.  Courts are not
4    required to grant leave to amend if a complaint lacks merit entirely.").

5    Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*,
6    ECF No. 2, is granted.

7    Further, it is RECOMMENDED that:

8    1.  Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend; and

9    2.  The Clerk of Court be directed to close this case.

10    These findings and recommendations are submitted to the United States District Judge
11    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12    of service of these findings and recommendations, any party may file written objections with the
13    court and serve a copy on all parties.  Any such document should be captioned "Objections to
14    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
15    within fourteen days of service of the objections.  The parties are advised that failure to file
16    objections within the specified time may waive the right to appeal the District Court's order.  *See*
17    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
18    1991).

19
20    IT IS SO ORDERED.

21
22    Dated:    August 27, 2024
      _____
      JEREMY D. PETERSON
23    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4